**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ABRIA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS**<br><br>**v.**<br><br>**HARVARD PILGRIM HEALTH CARE, INC., AND HEALTH PLANS, INC.** | **CIVIL ACTION NO.  24-158** |

<u>**MEMORANDUM RE: MOTION TO DISMISS**</u>

**Baylson, J.**                                                    **September 12, 2024**

This action was brought by Plaintiff Abira Medical Laboratories, doing business as Genesis Diagnostics ("Plaintiff"), against Defendants Harvard Pilgrim Health Care, Inc. ("HPHC") and Health Plans, Inc. ("HPI") (collectively "Defendants") to recover unpaid and underpaid claims for laboratory testing services performed for patients insured by Defendants.  Plaintiff alleges it received requisitions for laboratory testing containing an assignment of benefits, transferring the patients' rights to payment and to sue in the event of nonpayment to Plaintiff.  Plaintiff brings claims for breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), violation of the Families First Coronavirus Response Act and the Coronavirus Aid, Relief, and Economic Security Act (Count III), and, in the alternative, for quantum meruit/unjust enrichment (Count IV).

Presently before this Court is Defendants' Motion to Dismiss all counts of the Second Amended Complaint ("SAC") for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  ECF 30.  For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED** as to HPHC

for lack of personal jurisdiction.[1]  As to HPI, Defendants' Motion to Dismiss is **GRANTED** as to the claims for breach of the implied covenant of good faith and fair dealing and violation of the FFCRA and CARES Act, and is **DENIED** as to the breach of contract claim and as to the alternative claim of quantum meruit/unjust enrichment.[2]

## I.     RELEVANT FACTUAL ALLEGATIONS

The events giving rise to this case, as alleged by Plaintiff, are as follows.[3]  Plaintiff is a New Jersey limited liability company and operates a medical testing laboratory in Langhorne, Pennsylvania.  SAC (ECF 20) at ¶¶ 6, 13.  HPHC is a Massachusetts health insurer and HPI is a third-party administrator of health insurance plans with its place of business in Massachusetts.  Id. at ¶¶ 7–8.

Between 2016 and 2021, medical service providers submitted requisitions to Plaintiff for laboratory testing services on behalf of patients insured by Defendants.  Id. ¶ 13.  Each of these requisitions contained an assignment of benefits which assigned the patients' right to payment from the insurer and right to sue for that payment to Plaintiff.  Id. at ¶¶ 14, 21.  Plaintiff performed laboratory testing on those specimens and thereafter submitted claims for payment to Defendants.  Id. at ¶ 22.  Defendants either did not respond at all to these claims or refused to pay or underpaid

---

[1] Defendants contend there is no personal jurisdiction over only one of the two Defendants, HPHC, and that the Complaint fails to state a claim against both Defendants.  ECF 30.  Because the Court finds that there is no personal jurisdiction over HPHC, the Court does not address arguments under Federal Rule 12(b)(6) as to HPHC.

[2] Defendants also filed a Motion to Stay Discovery pending the resolution of Defendants' Motion to Dismiss.  ECF 31.  Because the Court now addresses Defendants' Motion to Dismiss, the Court will deny Defendants' Motion to Stay Discovery as moot.

[3] This Court also considered Plaintiff's exhibit attached to the Second Amended Complaint.  See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider documents attached to or submitted with the complaint in evaluating a motion to dismiss).  In evaluating the claims under Federal Rule 12(b)(2), the Court additionally considered the affidavit of Jonathan Bove attached to Defendants' Motion to Dismiss, ECF 30-2, and the affidavit of Abraham Miller and related exhibits attached to Plaintiff's Response to Defendants' Motion to Dismiss.  ECF 32-2.  See Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (requiring that the plaintiff submit affidavits or other evidence to support jurisdiction).

for those claims without any reason.  Id. at ¶¶ 19, 24.  In sum, Plaintiff alleges Defendants owe it

no less than $224,439.00 for laboratory testing services it performed.  Id. at ¶ 26; Ex. 1.

## II.    PROCEDURAL HISTORY

Plaintiff commenced this action in the Pennsylvania Court of Common Pleas, Bucks

County on November 29, 2023.  ECF 1-1.  On January 12, 2024, Plaintiff removed the case to this

Court pursuant to 28 U.S.C. §§ 1441 and § 1446 on the grounds that this Court exercises diversity

jurisdiction under 28 U.S.C. § 1332, federal question jurisdiction under 28 U.S.C. § 1331, and

supplemental jurisdiction to hear the related State law claims under 28 U.S.C. § 1367.  ECF 1 at

¶¶ 8–20.  On April 18, 2024, Plaintiff filed a First Amended Complaint.  ECF 18.  Defendants

moved to dismiss the First Amended Complaint on May 9, 2024, for lack of personal jurisdiction

over HPHC and for failure to state a claim upon which relief can be granted as to both Defendants.

ECF 19.

On May 22, 2024, Plaintiff filed a Second Amended Complaint, bringing four claims:

(1) Breach of Contract;

(2) Breach of Implied Covenant of Good Faith and Fair Dealing;

(3) Violation of the FFCRA and CARES Act; and

(4) Unjust Enrichment.

ECF 20.

On June 28, 2024, Defendants filed a Motion to Dismiss Plaintiff's Second Amended

Complaint for lack of personal jurisdiction over HPHC and for failure to state a claim upon which

relief can be granted as to both Defendants.  ECF 30.  On July 12, 2024, Plaintiff filed a Response

in Opposition.  ECF 32.  On July 19, 2024, Defendants filed a Reply.  ECF 33.

### III.    PARTIES' CONTENTIONS

#### A.  Defendants' Motion to Dismiss

Defendants first argue that this Court has no personal jurisdiction over HPHC, either generally or specifically, because HPHC is a Massachusetts company, is not registered to do business in Pennsylvania, and does not conduct any business in Pennsylvania.  ECF 30-1 at 7–9; ECF 30-2 at ¶ 4.  Defendants attached an affidavit to their Motion stating that HPHC does not have a physical office in Pennsylvania; is not registered to do business in Pennsylvania; is not licensed to engage in the business of insurance in Pennsylvania; does not solicit clients in Pennsylvania; does not direct advertisements to Pennsylvania; does not have any bank accounts in Pennsylvania; does not maintain any licenses or certifications from Pennsylvania, does not offer or underwrite insured plans for groups based or headquartered in Pennsylvania; and does not offer products in Pennsylvania or contract with a network of providers in Pennsylvania.  ECF 30-2 at ¶¶ 5–14.

Defendants also argue that most of Plaintiff's claims against HPHC are barred by Pennsylvania's four-year statute of limitations for contractual claims, which began to run at the time payment was due.  ECF 30-1 at 20–21.

On the merits, Defendants argue that Plaintiff does not allege a valid or enforceable contract between Plaintiff and Defendants sufficient to sustain a claim for breach of contract (Count I).  Id. at 14–16.  Defendants further argue that the implied covenant claim must fail (Count II) because there was no breach of contract and, alternatively, because Pennsylvania does not recognize a separate claim for breach of the implied covenant.  Id. at 16–17.  With respect to Plaintiff's claims for violation of the FFCRA and CARES Act (Count III), Defendants argue that those laws do not contain a private right of action.  Id. at 17–19.  Finally, with respect to Plaintiff's

quantum meruit/unjust enrichment claim (Count IV), Defendants argue that Plaintiff does not allege that Defendants conferred any benefit.  Id. at 19–20.

**B.  Plaintiff's Response**

In Response, Plaintiff argues that this Court has personal jurisdiction over Defendants because Defendants are engaged in a partnership or joint venture with United Healthcare Insurance Company, a health insurance company authorized to conduct business in Pennsylvania.  ECF 32 at 7–10.  Plaintiff also argues that none of the claims are precluded by the statute of limitations because the four-year limitation period only begins to accrue when there are written denials of insurance claims.  Id. at 10–11.  Plaintiff argues there is a question of fact whether Defendants provided written notices of denial to trigger the statute of limitations.  Id.

On the merits, Plaintiff argues that it adequately pleads a breach of contract claim (Count I because the Second Amended Complaint alleges Plaintiff and Defendants were in a contractual relationship created when patients assigned their rights to payment and to sue for nonpayment to Plaintiff.  Id. at 14–18.  Plaintiff argues that its claim for breach of the implied covenant of good faith and fair dealing (Count II) should survive because every contract in Pennsylvania imposes a duty of good faith and fair dealing and Plaintiff pleaded that Defendants refused to pay, underpaid, or failed to respond at all to Plaintiff's properly submitted claims.  Id. at 18–21.  Plaintiff concedes that that there is no private right of action under the FFCRA and CARES Act (Count III) but argues that violation of the FFCRA and CARES Act constitutes evidence supporting Plaintiff's other claims and that "the law may be unsettled" on private rights of action.  Id. at 21.  With respect to Plaintiff's alternative claim for quantum meruit/unjust enrichment (Count IV), Plaintiff contends it pleaded this claim in an alternative manner should the Court not find an express contract between Plaintiff and Defendants.  Plaintiff argues that it provided testing services to Defendants' insureds

and Defendants did not pay for those services which provided Defendants with a windfall.  Id. at
21–24.

### C.  Defendants' Reply

In Reply, Defendants argue that HPHC's relationship as alleged with United Healthcare
does not establish personal jurisdiction over HPHC.  ECF 33 at 2–5.  Defendants contend that there
are no facts alleging that HPHC and United Healthcare are in a joint venture or that their
relationship can be the basis for general jurisdiction.  Id. at 2–4.  Defendants further argue that
there is no specific jurisdiction because there are no allegations that HPHC's relationship with
United Healthcare has any connection to the claims asserted in the Second Amended Complaint.
Id. at 4–5.

Defendants argue that Plaintiff's position on the accrual date for the statute of limitations
purposes is contrary to law and reason.  Id. at 5–7.

Defendants respond to Plaintiff's merits arguments by reaffirming that the Motion to
Dismiss should be granted on all four counts because there is (1) no enforceable contract, (2) no
independent claim for the implied covenant of good faith and fair dealing, (3) no private right of
action under the FFCRA and CARES Act, and (4) no conferral of benefits.  Id. at 7–8.

## IV.  PERSONAL JURISDICTION

### A.  Legal Standard

When a defendant files a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction,
the plaintiff bears the burden to establish the Court's jurisdiction over the moving defendant
through "affidavits or other competent evidence."  Metcalfe v. Renaissance Marine, Inc., 566 F.3d
324, 330 (3d Cir. 2009) (quoting Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir.
1996)).  When the Court does not hold an evidentiary hearing, "the plaintiff need only establish a

prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

A federal court sitting in Pennsylvania has jurisdiction over the parties to the extent provided under Pennsylvania state law. O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007). Pennsylvania's long arm statute authorizes courts to exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 PA. CONS. STAT. § 5322(b); see Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 129 (3d Cir. 2020); Miranda v. C.H. Robinson Co., No. 18-553, 2019 WL 6038539, at *3 (E.D. Pa. Nov. 13, 2019) (Baylson, J.).

For an exercise of personal jurisdiction over a defendant to comport with the Fourteenth Amendment's Due Process Clause, that defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). The "minimum contacts" required for personal jurisdiction may be either "general" or "specific." See Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty., 582 U.S. 255, 262 (2017). General jurisdiction is based upon the defendant's "continuous and systematic" contacts with the forum. Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001). Specific jurisdiction is appropriate where "the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant 'should reasonably anticipate being haled into court' in that forum." Id. (quoting Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147, 151, n.3 (3d Cir. 1996)).

In the case of specific jurisdiction, the Court's traditional inquiry has three steps.  First, the "defendant must have 'purposefully directed [its] activities'" toward Pennsylvania.  O'Connor, 496 F.3d at 317 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).  Second, the claims "must 'arise out of or relate to'" the defendants' activities in Pennsylvania.  O'Connor, 496 F.3d at 317 (quoting Helicopteros Nacionales de Colom., S.A. v. Hall, 466 U.S. 408, 414, (1984)).  Third, a finding of personal jurisdiction must not "offend traditional notions of fair play or substantial justice."  O'Connor, 496 F.3d at 316 (quoting Int'l Shoe, 326 U.S. at 316).

## B.  ANALYSIS

### 1.  General Jurisdiction

This Court lacks general jurisdiction over HPHC.  Plaintiff does not allege any facts to show that HPHC's affiliations with Pennsylvania are so "continuous and systematic" such that it is "essentially at home" in Pennsylvania.  Daimler AG v. Bauman, 571 U.S. 117, 138–39 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)); see also Remick, 238 F.3d at 255.  The "paradigm" forums for a corporate defendant are the corporation's "place of incorporation and its principal place of business," Daimler, 571 U.S. at 137, neither of which for HPHC are in Pennsylvania.  HPHC is incorporated in Massachusetts and its principal place of business is in Massachusetts.  ECF 30-2 at ¶ 4.

Nor does Plaintiff allege that this is an "exceptional case" in which HPHC's Pennsylvania operations are "so substantial and of such a nature as to render the corporation at home" in Pennsylvania.  Daimler, 571 U.S. at 139 n.19.  HPHC attached an affidavit to Defendants' Motion to Dismiss which states that HPHC has no physical presence in Pennsylvania, no business registration or license in Pennsylvania, does not solicit clients or direct advertisements to Pennsylvania, and does not have any bank accounts in Pennsylvania.  ECF 30-2 at ¶¶ 5–12.  The

affidavit also states that Pennsylvania is outside of HPHC's service area and HPHC "does not offer products in Pennsylvania or contract with a network of providers in Pennsylvania." Id. at ¶ 14.

Plaintiff instead relies exclusively on HPHC's alleged affiliation with United Healthcare, a national health insurance carrier registered to do business in Pennsylvania, to assert general jurisdiction. ECF 32 at 7–8. Plaintiff makes the sweeping contention that HPHC is engaged in a joint venture with United Healthcare and that because United Healthcare is registered to conduct business in Pennsylvania, HPHC consented to general jurisdiction in Pennsylvania. Id. Plaintiff relies on screenshots from HPHC's website stating that HPHC offers national health insurance coverage through its "national network partner, UnitedHealthcare," ECF 32-3, and a picture of an HPHC benefits card which also lists United Healthcare, ECF 32-4. Such facts are not legally sufficient to establish a joint venture under Pennsylvania law.

To establish a joint venture, Pennsylvania law requires that "(1) each party must make a contribution of capital, services, skill, knowledge, materials or money; (2) profits must be shared; (3) there must be a joint proprietary interest and right of mutual control over the subject matter; and (4) usually there is a single business transaction." Digit. Encoding Factory, LLC v. Iron Mountain Info. Mgmt., Inc., 660 F. Supp. 2d 608, 617 (W.D. Pa. 2009). Although "these factors should not be read too strictly when ascertaining whether a relationship constitutes a joint venture," Streamline Business Services, LLC v. Vidible, Inc., No. 14-1433, 2015 WL 3477675, at *3 (E.D. Pa. June 2, 2015) (Baylson, J.), Plaintiff's bare allegations are insufficient to show any joint venture relationship between HPHC and United Healthcare. Plaintiff does not allege any intent to form a joint venture, any agreement to share profits, or any joint control over the healthcare coverage of patients. Cf. id. To the contrary, Plaintiff's exhibit implies separate control; HPHC's network includes providers in Massachusetts, New Hampshire, and Maine, while HPHC plan

subscribers have access to United Healthcare's network of providers "in <u>other</u> states across the nation." ECF 32-4 (emphasis added).

### 2. Specific Jurisdiction

Plaintiff also fails to allege that HPHC has "minimum contacts" with Pennsylvania sufficient to support specific jurisdiction. In this case, the first step of the specific jurisdiction inquiry is dispositive because Plaintiff provided insufficient evidence that HPHC "purposefully avail[ed] itself of the privilege of conducting activities" in Pennsylvania. <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958). While purposeful availment does not require that a defendant physically enter the forum state, a plaintiff asserting jurisdiction must demonstrate that the defendant deliberately targeted the forum. <u>See</u> <u>Gehling v. St. George's Sch. of Med., Ltd.</u>, 773 F.2d 539, 542–44 (3d Cir. 1985).

Plaintiff again exclusively relies on HPHC's affiliation with United Healthcare, contending that HPHC conducts business in Pennsylvania through United Healthcare, a health insurance company providing coverage plans nationwide, including in Pennsylvania. ECF 32 at 9–10. But such affiliation with a third party, without more, does not support minimum contacts sufficient to establish specific jurisdiction. <u>Walden v. Fiore</u>, 571 U.S. 277, 286 (2014) ("[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."); <u>Helicopteros</u>, 466 U.S. at 417 (the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction").

At most, Plaintiff's exhibits imply a possible contractual relationship between HPHC and United Healthcare to provide coverage in Pennsylvania, but a "contract with an out-of-state party *alone*" cannot establish personal jurisdiction. <u>Burger King</u>, 471 U.S. at 478 (emphasis in original).

As discussed above, HPHC submitted an affidavit showing that it does not direct activity to Pennsylvania.

## V.      FAILURE TO STATE A CLAIM

### A.  Legal Standard

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009) (citing Twombly, 550 U.S. at 555), and so it will not suffice if it is "devoid of further factual enhancement," Iqbal, 556 U.S. at 678 (citation omitted).  Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, Doe v. University of Sciences, 961 F.3d 203, 208 (3d Cir. 2020), but may not "assume that [the plaintiff] can prove facts that it has not alleged[,]" Twombly, 550 U.S. at 563 n.8 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

### B.  Analysis

Both Defendants move to dismiss all counts of the Second Amended Complaint for failure to state a claim.  ECF 30.  Because this Court finds that there is no personal jurisdiction over HPHC, the Court will only address Defendants' arguments for failure to state a claim as applied to HPI.[4]

---

[4] Defendants argue that the Statute of Limitations precludes most of the claims against HPHC.  ECF 30-1 at 20–22. Because the Court finds that there is no personal jurisdiction over HPHC, the Court need not address the Statute of Limitations issues raised in the Motion to Dismiss.

### 1.  Breach of Contract (Count I)

To survive a motion to dismiss a breach of contract claim under Pennsylvania law, a plaintiff need only allege "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages."  Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (quoting CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).

HPI argues that there is no enforceable contract because there is no direct contract between Plaintiff and HPI, and Plaintiff does not allege a valid assignment of contractual rights.  ECF 30-1 at 14–16.  However, construing the facts in the "light most favorable to" Plaintiff and drawing all inferences in Plaintiff's favor, as this Court must, McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (citation omitted), Plaintiff adequately alleges breach of contract.

Plaintiff alleges that it received requisitions for laboratory testing services from medical service providers to test specimens collected from patients that were insured by HPI.  SAC at ¶ 13. Plaintiff additionally claims that each of these requisitions contained "an assignment of benefits" provision which transferred to Plaintiff "the insured's right to payment under a plan and his right to sue for that payment."  Id. at ¶¶ 14, 21.  Plaintiff alleges that it performed the laboratory testing services but that HPI either "fail[ed] to respond at all to properly submitted claims" or "regularly refus[ed] to pay and/or underpa[id] claims submitted by Plaintiff," resulting in $85,108.00 damages against HPI.  Id. at ¶¶ 19, 22, 24-25; Ex. 1.  Plaintiff attached a chart as an exhibit to the Second Amended Complaint listing the patients insured by HPI that it allegedly performed laboratory testing services for, the dates of service, the amounts billed for those services, and the respective accension numbers for the claims.  Id. at ¶ 15; Ex. 1.

Plaintiff thus sufficiently pleads a breach of contract action.  Pennsylvania law recognizes that "a party may assign a contract" and that "'[a]n assignment is a transfer of property or a right from one person to another; unless qualified, it extinguishes the assignor's right to performance by the obligor and transfers that right to the assignee.'"  Mericle v. Jackson Nat'l Life Ins. Co., 193 F. Supp. 3d 435, 445 (M.D. Pa. 2016) (quoting Crawford Cent. Sch. Dist. v. Com., 888 A.2d 616, 619 (Pa. 2005)).  Such allegations are sufficient to "raise a reasonable expectation that discovery will reveal evidence" of a contractual relationship between Plaintiff and HPI through an assignment of benefits.  Twombly, 550 U.S. at 556; Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

### 2.  Breach of Implied Covenant of Good Faith and Fair Dealing (Count II)

While Plaintiff is correct that under Pennsylvania law the implied covenant of good faith and fair dealing inheres in every contract, Pennsylvania law does not recognize breach of the implied covenant as a standalone claim.  Abira Med. Lab'ys, LLC v. Kaiser Found. Health Plan of Mid-Atl. States, Inc., No. 24-759, 2024 WL 2188911, at *3 (E.D. Pa. May 15, 2024) (Beetlestone, J.); Zaloga v. Provident Life & Accident Ins. Co. of Am., 671 F. Supp. 2d 623, 631 (M.D. Pa. 2009).  Instead, the implied covenant "acts as a term of the contract" and a breach is "merely a breach of contract."  Zaloga, 671 F. Supp. 2d at 630–31.

Because Plaintiff adequately alleges a claim for breach of contract, the implied covenant claim is **DISMISSED** and subsumed within the breach of contract claim.

### 3.  Violation of FFRCA and CARES Acts (Count III)

Plaintiff alleges HPI violated the FFCRA and the CARES Act for its failure to reimburse Plaintiff for laboratory testing services it performed.  SAC at ¶¶ 32–44.  However, in its Response to Defendants' Motion to Dismiss, Plaintiff concedes that the FFCRA and the CARES Act do not

contain a private right of action.  ECF 32 at 21; see Abira Med. Lab'ys, LLC d/b/a Genesis

Diagnostics v. Centene Corp., No. 23-5057, 2024 WL 3792224, at *6 (E.D. Pa. Aug. 13, 2024)

(Sánchez, J.) (citing cases holding that the "FFCRA and the CARES Act do not create an express

or implied private right of action").  The Court rejects Plaintiff's unsupported contention that there

may be a private right of action because "the law may be unsettled."  ECF 32 at 21.

 The Court therefore **DISMISSES** Count III of the Complaint.

**4. Quantum Meruit/Unjust Enrichment (Count IV)**

 Plaintiff alleges in the alternative that HPI unjustly enriched itself by failing to pay for the

laboratory testing services Plaintiff performed for HPI's insureds.  SAC at ¶¶ 45–50.  To prevail

on an unjust enrichment claim in Pennsylvania, a plaintiff must establish that "1) the plaintiff

conferred benefits on the defendant, 2) the defendant appreciated such benefits, and 3) the benefits

were accepted and retained under such circumstances that it would be inequitable for the defendant

to retain the benefit without payment of value." Berardi v. USAA Gen. Indem. Co., 606 F. Supp.

3d 158, 163 (E.D. Pa. 2022) (Baylson, J.) (citing Mitchell v. Moore, 729 A.2d 1200, 1203 (Pa.

Super. Ct. 1999), aff'd, No. 22-2231, 2023 WL 4418219 (3d Cir. July 10, 2023).  Here, Plaintiff

has plausibly alleged a claim for quantum meruit/unjust enrichment.

 Plaintiff alleges that it conferred a benefit on HPI by performing laboratory testing services

for HPI's insureds.  SAC at ¶ 46.  Although the benefit "must be more than remote to support an

unjust enrichment claim," Century Indemnity Company v. URS Corporation, No. 08-5006, 2009

WL 2446990, at *6 (E.D. Pa. Aug. 7, 2009) (Surrick, J.), a plaintiff does "not need to plead that it

directly conferred a benefit on defendants for [an] unjust enrichment claim," Glob. Ground

Support, LLC v. Glazer Enters., Inc., 581 F. Supp. 2d 669, 676 (E.D. Pa. 2008) (O'Neill, J.).

14

Further, Plaintiff alleges that HPI's retention of the benefit is unjust.  "[W]here the enriched party has misled the conferring party in some way, unjust enrichment may arise."  <u>Abira Med. Lab'ys</u>, 2024 WL 2188911, at *9 (citing <u>D.A. Hill Co. v. Clevetrust Realty Invs.</u>, 573 A.2d 1005, 1009 (Pa. 1990).  The Second Amended Complaint alleges that HPI "engaged in a long campaign designed to deprive Plaintiff of thousands of dollars it is rightfully owed for services" by either failing to respond to properly submitted claims or "fabricat[ing] some other pretextual basis to improperly refuse to make payment to Plaintiff."  SAC at ¶¶ 17, 24.  This is sufficient on a motion to dismiss.

The Court therefore **DENIES** Defendants' Motion to Dismiss the alternative claim for quantum meruit/unjust enrichment.

## VI.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** as to HPHC for lack of personal jurisdiction.  As to HPI, Defendants' Motion to Dismiss is **GRANTED** as to the claims for breach of the implied covenant of good faith and fair dealing (Count II) and violation of the FFCRA and CARES Act (Count III) and is **DENIED** as to the breach of contract claim (Count I) and as to the alternative claim of quantum meruit/unjust enrichment (Count IV).  An appropriate order follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-158 Abira Med Lab v. Health Plans INc\24-158 Memorandum re Motion to Dismiss.docx